IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

April 30, 2010

RE: ROY EMORY ANDREWS V. GERALD ROZUM, ETAL
CA No. 10-1125

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Caracappa, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By:
LINDA V. JERRY, Deputy Clerk

cc: ANDREWS
FALIN

Courtroom Deputy to Judge Davis

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY EMORY ANDREWS, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT | : | |
| GERALD ROZUM, et al., | : | NO. 10-1125 |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution, in Somerset, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.  PROCEDURAL HISTORY

In September 2003, following a jury trial presided over by the Honorable William R. Carpenter, the jury convicted petitioner of second-degree murder, robbery, and possession of an instrument of a crime. Specifically, petitioner was convicted of shooting to death Moses Gaye, a cab driver, after Mr. Gaye asked petitioner to pay petitioner's cab fare. Petitioner was sentenced to life imprisonment plus a consecutive one to five years imprisonment.

Petitioner filed a direct appeal to the Superior Court of Pennsylvania, which affirmed petitioner's judgment of sentence on December 2, 2004. Petitioner then filed a request for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on May 24

1

2006.

On January 19, 2007, petitioner filed a *pro se* petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et. seq.* Counsel was appointed. PCRA counsel sought to withdraw representation on the basis of no merit. On April 28, 2008 the PCRA court entered an order dismissing the PCRA petition. Petitioner then filed a notice of appeal to the Superior Court of Pennsylvania, which affirmed the denial of PCRA relief on January 6, 2009.

On March 15, 2010, petitioner filed the instant petition seeking habeas corpus relief. Respondents assert that this petition is time-barred, and must be dismissed, as petitioner is not entitled to habeas review or relief. We agree that the petition is time-barred and must be dismissed.

II.  TIMELINESS

Petitioner's allegations of substantive grounds for relief need not be examined, as these claims are barred by the procedural obstacle of timeliness. A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, et seq., which was amended under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996. Under section 2244(d), the AEDPA provides:

> A 1-year period of limitation shall apply to an applicant for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United

2

States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244 (d)(1) (1996).

This statute also creates a tolling exception which notes that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2254(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out of time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes. Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

In the case at bar, petitioner was sentenced on February 18, 2004. The Supreme Court of Pennsylvania denied petitioner's request for review on May 24, 2006. Petitioner's judgment of sentence became final on August 22, 2006, when the 90 days in which petitioner had to seek certiorari in the United States Supreme Court had lapsed. Thus, petitioner had until August 21, 2007 in order to file a timely petition for Writ of Habeas Corpus. Petitioner timely filed a *pro se* petition for collateral relief under the PCRA on January 19, 2007. The statute of

3

limitation was then tolled, after approximately 3 months. On January 6, 2009, the Superior Court affirmed the PCRA court's dismissal of petitioner's PCRA petition. Petitioner had thirty days to file a request for review in the Pennsylvania Supreme Court and failed to do so. Accordingly, the statute of limitations clock began to run again on February 5, 2009, with approximately nine months remaining. The instant habeas petition was not filed until March 15, 2010, about four and a half months after the statute of limitations had expired, leaving this court with no choice but to dismiss the request for relief as untimely without consideration of the merits.

One avenue of relief remains for petitioner. The statute of limitations set forth in the AEDPA is subject to equitable tolling. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. (quotation omitted). The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted). "In non-capital cases, attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 122 S. Ct. 323 (2001) (citing cases). Petitioner has failed to argue that any valid circumstances exist to equitably toll the statute of limitations, and thus the habeas petition must be dismissed in its entirety.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this 28th day of April, 2010, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED.

It is also RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:

/s/ L. K. Caracappa

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY EMORY ANDREWS,<br>Petitioner, | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : <br> : | |
| SUPERINTENDENT<br>GERALD ROZUM, et al.,<br>Respondents. | : <br> : <br> : <br> : | NO. 10-1125 |

### ORDER

LEGROME D. DAVIS, J.

AND NOW, this _____ day of _____, 2010, upon careful and independent consideration of the petition for Writ of *Habeas Corpus*, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for Writ of *Habeas Corpus* is DENIED with prejudice.

3. There is no probably cause to issue a certificate of appealability.

4. The Clerk of the Court shall mark this case closed for statistical purposes.

BY THE COURT:

_____
LEGROME D. DAVIS, J.